



UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br>SK Foods, L.P.<br><br><br><br>    Debtor(s).<br>_____<br>Bradley D. Sharp<br><br>    Plaintiff(s),<br>vs.<br>Kasowitz, Benson, Torres & Friedman, LLP<br>and Donald J. Putterman<br><br>    Defendant(s). | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Bankruptcy Case No. 09-29162-D-11

DC No. BMZ-2

Adversary No.  14-02025-D

**District Court Case # 2:14-cv-1169 KJM AC**

**FILED**

**May 13, 2014**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

### TRANSMITTAL OF WITHDRAWAL OF REFERENCE
### TO THE DISTRICT COURT

MOTION TO WITHDRAW REFERENCE (date filed): _5/12/2014_____

RESPONSE TO WITHDRAW REFERENCE (date filed): _____

PLEADINGS TRANSMITTED TO DISTRICT COURT:

  __x__  Motion to Withdraw Reference

  __x__  Memorandum in Support of Motion to Withdraw Reference

  _____  Response to Motion to Withdraw Reference

  _____  Other Pertinent Documents:

DATE TRANSMITTED: _5/13/2014_____

BY: _____
     Deputy Clerk
     Elizabeth O'Neal

DISTRICT COURT CASE NUMBER:_____

DATE:_____BY:_____

**PLEASE RETURN SECOND COPY UPON COMPLETION**

EDC 005-601 (Revised 5/18/04)

This is to certify that this is a true and correct copy
of the original filed 2·12·2014
in the office of the Clerk, U.S. Bankruptcy Court.

WAYNE BLACKWELDER
U.S. Bankruptcy Court

By _____
Deputy Clerk
Elizabeth O'Neal




Case Number: 2014-02025      Filed: 5/12/2014 4:47:32 PM      Doc # 34

1 | RONALD E. MALLEN (SBN 40928)
BRADLEY M. ZAMCZYK (SBN 151753)
2 | HINSHAW & CULBERTSON LLP
One California Street, 18th Floor
3 | San Francisco, CA 94111
Telephone: (415) 362-6000
4 | Facsimile: (415) 834-9070

5 | Attorneys for Defendants
KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP
6 | and DONALD J. PUTTERMAN

7 |

8 | UNITED STATES BANKRUPTCY COURT

9 | FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

10 |

11 | In re:                                        Case No. 09-29162-D-11

12 | SK FOODS, L.P., a California limited           Chapter 11
partnership, et al.,
13 |                                                Adversary Proceeding No. 14-02025-D

14 |              Debtors.                          DC No. BMZ-2

15 |

16 | BRADLEY D. SHARP, as Chapter 11 Trustee of     **DEFENDANTS' NOTICE OF MOTION**
SK Foods, L.P., a California limited partnership, **AND MOTION FOR ORDER**
17 | and RHM Industrial / Specialty Foods, Inc., a   **WITHDRAWING REFERENCE OF**
California corporation, et al.,                   **BANKRUPTCY ADVERSARY**
                                                  **PROCEEDING**
18 |              Plaintiff,
                                                  [Hearing Date and Time to be Provided Upon
19 |                                               Assignment of a District Court Judge and
vs.                                               Establishment of a Hearing Date]
20 |
KASOWITZ, BENSON, TORRES &
21 | FRIEDMAN, LLP, a New York registered
limited liability partnership; DONALD J.
22 | PUTTERMAN, an individual; and DOES 1
through 30,
23 |
              Defendants.
24 |

25 |

26 |

27 |

28 |

---

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR ORDER WITHDRAWING REFERENCE OF
BANKRUPTCY ADVERSARY PROCEEDING
Case No. 09-29162-D-11

TO ALL ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on a date, time and location to be provided upon assignment of a District Court judge and establishment of a hearing date, Defendants KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP and DONALD J. PUTTERMAN (collectively "KBTF") will and hereby does move this Court for an Order Withdrawing Reference of Bankruptcy Adversary Proceeding.

This motion will be based on this Notice of Motion, the Memorandum of Points and Authorities, and Request for Judicial Notice, filed herewith, the pleadings and records on file herein, and upon such oral and/or documentary evidence as may be presented at the time of the hearing on this motion.

DATED: May 12, 2014

HINSHAW & CULBERTSON LLP

RONALD E. MALLEN
BRADLEY M. ZAMCZYK
Attorneys for KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP and DONALD J. PUTTERMAN

---

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR ORDER WITHDRAWING REFERENCE OF BANKRUPTCY ADVERSARY PROCEEDING

Case No. 09-29162-D-11

This is to certify that this is a true and correct copy
of the original 12 page(s) filed on 5/12/2014
in the office of the Clerk, U.S. Bankruptcy Court.

WAYNE BLACKWELDER
U.S. Bankruptcy Court

By _____
Deputy Clerk
Elizabeth O'Neal

Case Number: 2014-02025     Filed: 5/12/2014 3:33:22 PM     Doc # 35

1  RONALD E. MALLEN (SBN 40928)
   BRADLEY M. ZAMCZYK (SBN 151753)
2  HINSHAW & CULBERTSON LLP
3  One California Street, 18th Floor
   San Francisco, CA 94111
4  Telephone: (415) 362-6000
   Facsimile: (415) 834-9070
5
6  Attorneys for Defendants
   KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP
7  and DONALD J. PUTTERMAN

8
                    UNITED STATES BANKRUPTCY COURT
9
10             FOR THE EASTERN DISTRICT OF CALIFORNIA
11                      SACRAMENTO DIVISION
12

| 13 | In re: | Case No. 09-29162-D-11 |
|---|---|---|
| 14 | SK FOODS, L.P., a California limited partnership, et al., | Chapter 11 |
| 15 | | Adversary Proceeding No. 14-02025-D |
| 16 | Debtors. | DC No. BMZ-2 |
| 17 | | **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER WITHDRAWING REFERENCE OF BANKRUPTCY ADVERSARY PROCEEDING** |
| 18 | BRADLEY D. SHARP, as Chapter 11 Trustee of SK Foods, L.P., a California limited partnership, and RHM Industrial / Specialty Foods, Inc., a California corporation, et al., | |
| 19 | | |
| 20 | | |
| 21 | Plaintiff, | [Hearing Date and Time to be Provided Upon Assignment of a District Court Judge and Establishment of a Hearing Date] |
| 22 | vs. | |
| 23 | KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP, a New York registered limited liability partnership; DONALD J. PUTTERMAN, an individual; and DOES 1 through 30, | |
| 24 | | |
| 25 | | |
| 26 | Defendants. | |
| 27 | | |

28
                                    1
─────────────────────────────────────────────
DEFENDANTS' P&A'S IN SUPPORT OF MOTION FOR ORDER WITHDRAWING REFERENCE OF
BANKRUPTCY ADVERSARY PROCEEDING
                                           3293385v1 0944261

**PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 5011, THE CLERK OF THE BANKRUPTCY COURT IS TO PROMPTLY TRANSMIT THIS MOTION TO THE DISTRICT COURT**

Defendants KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP and DONALD J. PUTTERMAN (collectively "KBTF") hereby submit the following Memorandum of Points and Authorities in Support of its Motion for Order Withdrawing Reference of Bankruptcy Adversary Proceeding pursuant to 28 U.S.C. §157(d) ("Motion").

## I.   INTRODUCTION

KBTF is the target of a misguided state-law based legal malpractice lawsuit.  Debtors SK Foods, L.P. ("SK Foods") and RHM Industrial/Specialty Foods, Inc. ("RHM") (collectively "Debtors") filed a Chapter 11 petition on May 7, 2009, and the Trustee, Bradley D. Sharp ("Trustee"), was appointed approximately two weeks later. After selling substantially all of the Debtors' assets on July 7, 2009, the Trustee initiated approximately 94 adversary proceedings beginning in August, 2009.  Here, given the claims, the Bankruptcy Court's jurisdiction is limited to submitting proposed findings of fact and conclusions of law to the District Court, for that court's review and issuance of final judgment, and is unable to conduct a jury trial.

This legal malpractice action based on alleged violations of the California Rules of Professional Conduct and duties established by common law, does not implicate any Bankruptcy Court issues.  Although the Trustee brought his claims in Bankruptcy Court, the claims do not invoke a substantive right provided by title 11 and do not arise only in the context of a bankruptcy case. No claim in this lawsuit has its genesis in bankruptcy law.

The Trustee filed the current action seeking monetary damages and asserting state law claims for legal malpractice and other non-core claims premised entirely on legal services KBTF provided to the Debtor, the New Debtor Entities and Affiliates (as defined below).  In his First Amended Adversary Complaint[1] ("FAC"), the Trustee asserts causes of action for: (1) breach of fiduciary

---

[1]   A true and correct copy of the First Amended Complaint is attached to the accompanying Request for Judicial Notice ("RJN") as Exhibit A.

DEFENDANTS' P&A'S IN SUPPORT OF MOTION FOR ORDER WITHDRAWING REFERENCE OF BANKRUPTCY ADVERSARY PROCEEDING

3293385v1 0944261

duty; (2) professional negligence/legal malpractice; (3) objection to proof of claims; (4) to avoid and recover fraudulent transfers; (5) to avoid and recover preferential transfers; (6) to recover tangible property of the debtor; (7) imposition of constructive trust; (8) unjust enrichment and restitution/disgorgement; and, (9) unfair and unlawful business practices.  The Trustee seeks monetary damages allegedly caused by KBTF's legal malpractice; the genesis of each cause of action is the legal services KBTF provided the Debtor and New Debtor Entities and/or the fees charged. Therefore, under 28 U.S.C. § 157(d) and the United States Supreme Court's decision in *Stern v. Marshall*, 131 S.Ct. 2594 (2011), any decision by the bankruptcy court is merely advisory, requiring the District Court's review and issuance of a final order.

Moreover, the Trustee has demanded a jury trial of its claims. Specifically, the FAC states, "pursuant to 28 U.S.C. § 157(e) of the Federal Rules of Bankruptcy Procedure . . . demands a jury trial on all claims and causes of action so triable which are alleged herein." (RJN, Ex. A, p 28:1-4) The Bankruptcy Court cannot conduct jury trials absent consent of KBTF, which it does not give.

KBTF seeks to compel arbitration of the dispute pursuant to an express, mandatory arbitration provision in KBTF's retainer agreement.  However, if KBTF does not succeed in compelling arbitration, it will, like the Trustee, demand a jury trial of all claims.  Of course, if the motion to compel arbitration is granted, the Bankruptcy Court also will not adjudicate the claims, such that in either event, the Bankruptcy Court will not be the proper forum for these claims.

Importantly, judicial economy will be served by withdrawing this case now, avoiding the need for the parties to litigate in the Bankruptcy Court, and the Bankruptcy Court to issue its findings of fact and conclusions of law, merely for review and final judgment by the District Court. Keeping this case in Bankruptcy Court would increase the cost of litigation for both parties, and require the District Court to try a case it did not manage.  The Bankruptcy Court has already expressed a preference for having the claims heard in the District Court to avoid these inefficiencies.

Therefore, KBTF moves this court for an order withdrawing the reference of this adversary proceeding to the Bankruptcy Court.

3

## II.   FACTUAL BACKGROUND

### A.   KBTF'S Representation of the Debtors and New Debtor Entities

#### 1.   Scope of Retention

KBTF, the Debtor, and the New Debtor Entities entered into a written retainer Agreement ("Retainer Agreement") on or about April 14, 2009.  The Retainer Agreement describes a broad retention, stating, in pertinent part,

> we are pleased that you have selected Kasowitz, Benson, Torres & Friedman LLP . . . to represent you, and such entities of Salyer Enterprises as you may designate, in connection with matters concerning Bank of Montreal, Bank of America, Wells Fargo Bank, Bank of the West and U.S. Bank, and such other matters for which you may request or services in the future.

(RJN, Ex. A, Ex. 1 attached thereto.)

The Retainer Agreement is similarly broad in its description of the parties to the agreement. Pursuant to the Retainer Agreement, the representation is on behalf of "Salyer Enterprises," and "such entities of Salyer Enterprises as you may designate."  (RJN, Ex. A, p. 8:16-17; Ex. 1 to Ex. A, p. 1.)  Moreover, Mr. Salyer signed the letter as "Scott Salyer, Client, Personally and on Behalf of Salyer Enterprises and its individual entities."  (RJN, Ex. A, p. 8:17-18; Ex. 1 to Ex. A, p. 4.) Although there is no legal entity named "Salyer Enterprises," the phrase was a commonly used short cut to refer collectively to the various SK Foods affiliates owned by Salyer and his children.  (RJN, Ex. A, pp. 7:6-7; 8:18-20.)

The parties to the Retainer Agreement thus include the Debtor, the New Debtor Entities, as well as their various affiliated entities.  According to the FAC, "As Chapter 11 Trustee for the New Debtor Entities, Plaintiff is the successor to the attorney-client relationship that previously existed between the New Debtor Entities and Kasowitz." (RJN, Ex. A, pp. 4:9-18; 14:8-9.)

Moreover, the FAC, describing the alleged representation at issue in the current action, alleges, KBTF,

> served as legal counsel for the Debtors [SK Foods, L.P. ('SK Foods') and RHM Industrial/Specialty Foods, Inc. ('RHM')] before Debtors filed for bankruptcy protection, and for at least several weeks thereafter, while simultaneously serving in

4

1    an adversarial position as counsel for various related entities controlled by Scott
2    Salyer and his family (the 'Affiliates').

3    (RJN, Ex. A, pp. 2:20-23; 8:6-8.)

4                        **2.      The Bankruptcy Case**

5           Pursuant to an October 4, 2013, Judgment, entered in Adversary Proceeding No. 10-02014,

6    the United States Bankruptcy Court granted Plaintiff's request to substantively consolidate all the

7    assets and property held by various affiliated entities into the Debtor's Estate, *nun pro tunc* to the

8    May 5, 2009, bankruptcy petition date. (RJN, Ex. A, p. 4:9-16.)  The FAC refers to the "various

9    affiliated entities" as the "New Debtor Entities" (RJN, Ex. A, p. 4:16-18) although from May 5,

10   2009, forward they are legally deemed to be a single entity.

11          On January 21, 2014, Plaintiff, Bradley D. Sharp, as Chapter 11 Trustee of SK Foods, L.P.,

12   and RHM Industrial/Specialty Foods, Inc., filed an Adversary Complaint against KBTF in the SK

13   Foods, LP Bankruptcy Action, *In re: SK Foods, L.P.*, United States Bankruptcy Court, Eastern

14   District of California, Case No. 09-29162-D-11 ("Complaint").   The Complaint asserted causes of

15   action for: (1) breach of fiduciary duty; (2) professional negligence/legal malpractice; (3) imposition

16   of constructive trust: (4) unjust enrichment and restitution/disgorgement; and, (5) unfair and

17   unlawful business practices.

18          On February 18, 2014, Plaintiff filed the FAC, adding causes of action for: (1) objection to

19   proof of claims; (2) to avoid and recover fraudulent transfers; (3) to avoid and recover preferential

20   transfers; (4) to recover tangible property of the debtor. (RJN, Ex. A.)  The genesis of each cause of

21   action in the FAC is the legal services KBTF provided to the Debtor and New Debtor Entities, and

22   KBTF's alleged breach of the standard of care.

23   **III.   LEGAL ANALYSIS**

24          **A.      This Court Should Withdraw the Bankruptcy Reference**

25          District Courts, not Bankruptcy Courts, have original jurisdiction over all bankruptcy

26   matters. 28 U.S.C. § 1334(b); *In re First Alliance Mortgage Co.*, 282 B.R. 894, 901 (C.D. Cal.

27   2001). District Courts are authorized to refer all bankruptcy matters to the Bankruptcy Court. See

28                                            5
     ─────────────────────────────────────────────────────
     DEFENDANTS' P&A'S IN SUPPORT OF MOTION FOR ORDER WITHDRAWING REFERENCE OF
                    BANKRUPTCY ADVERSARY PROCEEDING

                                                                3293385v1 0944261

28 U.S.C. § 1334(b); 28 U.S.C. § 157(a) (each district court may provide that any or all cases under title 11, and any or all proceedings arising under title 11, or arising from or related to a case under title 11, shall be referred to the bankruptcy judges for the district).  The courts of this district have done so.  *See* U.S. District Court for the Eastern District of California, General Order No. 223.

Pursuant to 28 U.S.C. Section 157(d), the District Court may withdraw any reference made to a Bankruptcy Court:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown.  The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

*Id.* Section 157(d) mandates withdrawal of a matter pending in Bankruptcy Court if such matter involves significant issues of non-bankruptcy federal law, and permits withdrawal of a bankruptcy matter for "cause shown." *Id.*

In determining whether cause exists to withdraw a reference under the permissive component of 28 U.S.C. Section 157(d), courts have typically focused first on whether the proceeding is core or non-core, and thereafter on a number of factors, including whether there has been a jury demand and judicial economy considerations.  *See, e.g., Security Farms v. Int'l Bhd. of 14 Teamsters, et al,* 124 F.3d 999, 1008 (9th Cir. 1997); *Green v. Fed. Deposit Ins. Corp.,* 451 B.R. 6, 10 (N.D. Cal. 2011).

The applicable standard was expanded upon by *Stern v. Marshall,* 131 S.Ct. 2594 (2011), in which the United States Supreme Court said that whether a proceeding is labeled a "core" matter in bankruptcy law is not determinative.  The Supreme Court held that, even if a proceeding is labeled by the Bankruptcy Code as a "core" proceeding, a Bankruptcy Court cannot issue a final judgment in the proceeding unless "the action at issue stems from the bankruptcy itself or would necessarily be resolved in the claims allowance process." 131 S.Ct. at 2618.  For non-core proceedings, and "any matter[s] which, from [their] nature, [are] subject to a suit at the common law, or in equity or in admiralty," bankruptcy courts only can make reports and recommendations for the district courts,

who then must act. *Id.* at 2612.

Withdrawal of the Trustee's claims, which consists entirely of non-bankruptcy legal malpractice law, is mandatory pursuant to Section 157(d).  As discussed above, the Trustee's complaint is premised entirely on alleged violations of the California Rules of Professional Conduct and duties established by common law.  The complaint is devoid of any issue implicating federal bankruptcy law.

Moreover, good cause exists to withdraw the reference of the Trustee's FAC for two independent reasons: (1) pursuant to *Stern v. Marshal*, the Bankruptcy Court cannot issue a final ruling on Plaintiff's claims; therefore, judicial economy would be served by having the District Court determine the proceeding in the first instance; and, (2) assuming KBTF's motion to compel arbitration is denied, KBTF has a constitutional right to a jury trial on the Trustee's claims, and the Trustee, also, has demanded a jury trial, and KBTF does not consent to the Bankruptcy Court conducting a jury trial the case tried in bankruptcy court.

       1.      **Pursuant to *Stern v. Marshall* this Action is not a Proceeding which the Bankruptcy Court can Finally Determine**

           (a)    **The Bankruptcy Court Cannot Issue a Final Judgment on the State Law Claims**

Plaintiffs' claims are based on California common law and statutes, including the first cause of action for breach of fiduciary duty, second cause of action for professional negligence/legal malpractice, and ninth cause of action for unfair and unlawful business practices.  The gravamen of these state law claims is KBTF's pre-filing representation of the Debtor and New Debtor Entities.

Plaintiff faults KBTF for failing to comply, "as the attorneys for the Debtors," with "certain ethical duties and obligations," including, "the duty to avoid the simultaneous representation of the Debtors and other clients with conflicting interests, as well as the subsequent representation of the Debtors and other clients with conflicting interests, as well as the subsequent representation of persons with interests which are adverse to a former client." (RJN, Ex. A, p. 9:3-8.)  The alleged breach of ethical duties and obligations occurred "during the course of their [Defendants'] conflicted

1   representation of the Debtors and New Debtor entities." (RJN, Ex. A, p. 2:17-19.)

2       Thus, whether KBTF's services fell below the standard of care depends entirely on the

3   application of California law.  This, therefore, is a private dispute "brought by a bankruptcy

4   corporation to augment the bankruptcy estate" rather than one that seeks "a pro rata share of the

5   bankruptcy res."  See *Granjinanciera S.A. v. Nordberg*, 492 U.S. 33, 56 (1989).  The claims do not

6   invoke any substantive right provided by title 11 and do not arise only in the context of a bankruptcy

7   case; neither claim implicates any issues of bankruptcy law. Accordingly, the claims are non-core,

8   and the Bankruptcy Court cannot issue a final judgment.

9       The District Court already recognized this in its Memorandum and Order granting

10  Defendant's Motion to Withdraw Reference in another adversary proceeding in which the Trustee

11  asserted many of the same causes of action against other former counsel for Debtors. See, *Bradley*

12  *D. Sharp v. Gary G. Perry*, United States District Court, Eastern District of California, Case No.

13  2:11-cv-03210 (RJN, Ex. B).  In its order, the District Court explained that "It is clear to this Court

14  that Trustee's . . . legal malpractice and breach of fiduciary duty causes of action are non-core."

15  (RJN, Ex. B, p. 6:8-11).  Like *Bradley D. Sharp v. Gary G. Perry*, the legal malpractice and breach

16  of fiduciary duty claims asserted against KBTF do not invoke "a substantive right provided by title

17  11 or . . . proceeding that, by its nature, could arise only in the context of a bankruptcy case." *In re*

18  *Gruntz*, 202 F.3d 1074, 1081 (9th Cir. 2000).

19                  **(b)    The Bankruptcy Court Cannot Issue a Final Judgment on the**
20                          **Fraudulent Conveyance Claims**

21      The Trustee cannot avoid the consequences of *Stern v. Marshall,* or distinguish this action

22  from the court's prior decision in *Sharp v. Perry* by labeling the fees the Debtor paid KBTF for its

23  legal services "fraudulent conveyances."  Although the Trustee asserts a number of claims seeking a

24  refund of the fees his predecessor in interest paid,[2] each of these claims, like the legal malpractice

25  _____

26  [2]    These claims include: the fourth cause of action to avoid and recover fraudulent transfers, the fifth cause of
        action to avoid an recover preferential transfers, the sixth cause of action to recover tangible property of the
27      debtor, the seventh cause of action for imposition of constructive trust, and the eighth cause of action for unjust
        enrichment and restitution/disgorgement.

28  _____
                                         8

1   claims, is premised entirely on allegations regarding the Defendants' legal services. Specifically, the

2   FAC seeks to,

3

4       impose a constructive trust on Defendants, and orders for avoidance, recovery,
        restitution and disgorgement of attorneys' fees and costs paid to and received by
        Kasowitz and Putterman . . . during the course of their conflicted representation of

5       the Debtors and New Debtor Entities, which they were not entitled to receive or retain
        under well-settled principals of California Law.

6

7   (RJN, Ex. A, p. 2:15-19.)

8       In *Granjinanciera, S.A.* the Supreme Court considered whether Congress could displace a

9   party's Seventh Amendment right to jury trial by classifying fraudulent conveyance actions as core

10  proceedings that may be heard and decided by a bankruptcy court. The Court expressly ruled that

11  Congress could not. 492 U.S. at 61. The Court observed:

12      There can be little doubt that fraudulent conveyance actions by bankruptcy trustees -
        suits which, we said in *Stendhal v. Irving Trust Co.*, 287 U.S. 92, 94-95 (1932)

13      (citation omitted), 'constitute no part of the proceedings in bankruptcy but concern
        controversies arising out of it' - are quintessentially suits at common law that more

14      nearly resemble state law contract claims by a bankrupt corporation to augment the
        bankruptcy estate than they do creditors' hierarchically ordered claims to a pro rata

15      share of the bankruptcy res.

16
    *Supra*, at 56. Because fraudulent conveyance suits are private and do not involve a public right,
17
    Congress could not constitutionally authorize a non-Article III court to adjudicate it. *Supra*, at 53.
18
    The Supreme Court concluded that the trustee's fraudulent transfer action was one in law, not equity.
19
    Thus, the parties had a right to a trial by jury, and that "Congress cannot eliminate a party's Seventh
20
    Amendment right to a jury trial merely by relabeling the cause of action to which it attaches and
21
    placing exclusive jurisdiction in an administrative agency or a specialized court of equity." *Supra*, at
22
    60-61.
23
        Recently, the Supreme Court took the *Gratifinanciera* holding one step further. *Stern v.*
24
    *Marshall*, *supra*, involved a dispute between Anna Nicole Smith and Pierce Marshall over the
25
    inheritance from Smith's deceased husband and Marshall's father. Smith filed for bankruptcy after
26
    her husband died without leaving her half of his estate. Marshall filed a complaint in the bankruptcy
27

28                                              9
    ─────────────────────────────────────────────────────
    DEFENDANTS' P&A'S IN SUPPORT OF MOTION FOR ORDER WITHDRAWING REFERENCE OF
                    BANKRUPTCY ADVERSARY PROCEEDING
                                                              3293385v1 0944261

proceeding contending that Smith had defamed him by telling the press that he had defrauded his father to gain control over his assets. Marshall also filed a proof of claim in the bankruptcy, based on the adversary complaint, and sought a declaration that his claim was not dischargeable in bankruptcy. Smith filed a counterclaim for tortious interference with her ability to recover from her late husband's estate. *Stern v. Marshall*, 131 S. Ct. at 2601.

The Bankruptcy Court ruled in favor of Smith on her counterclaim, which was defined as a "core proceeding" under Section 157(b), and awarded her more than $425 million. Subsequently, the probate court ruled in favor of Marshall. *Id.* The question was, therefore, which judgment should be given effect. The Supreme Court, in a 5-4 decision, held that the Bankruptcy Court lacked the constitutional authority to issue a final judgment, notwithstanding Congress' designation of counterclaims by the estate against creditors filing claims as core proceedings. *Id.* at 2608-15. Non-Article III judges may only enter final judgments in core proceedings that stem "from the bankruptcy itself or would necessarily be resolved in the claims allowance process." *Id.* at 2618. Because Smith's counterclaim involved state law questions that only tangentially related to Marshall's defamation and nondischargeability complaint, the Supreme Court held that the bankruptcy court could not render final judgment, and instead was required to submit proposed findings and conclusions to the district court for de novo review and entry of judgment. *Id.*

Here, the Trustee's supposed fraudulent conveyance claims, which are nothing more than relabeled state law malpractice claims, seeking recovery of legal fees paid KBTF, are not core proceedings stemming from the bankruptcy itself. The claims do not invoke a substantial right created by title 11; they could exist outside of bankruptcy and outside the federal district court. See *Security Farms*, 124 F. 2d at 1008. The fraudulent conveyance claims are based on, and seek damages pursuant to, California law. (RJN, Ex. A, p. 2:15-19).

Moreover, with the exception of the prayer for a judgment requiring KBTF to turn over their files and documents related to their representation of the New Debtor Entities, each item in the prayer, although labeled differently, essentially seeks a refund of legal fees paid the Debtor paid to

10

KBTF. (RJN, Ex. A, p. 26:26-27:23). While the prayer requests a constructive trust (in any event a state law remedy), the purpose of the trust is to "secure the reimbursement and disgorgement of all legal fees and expenses previously paid to Defendants." (RJN, Ex. A, p. 27:6-10). Similarly, the prayer for "judgment that the Fee Claim be disallowed it its entirety," is nothing more than an effort to avoid any offset of Plaintiffs' anticipated damages and avoid further payment of legal fees to KBTF. (RJN, Ex. A, pp. 19:15-27; 27:2.) The remedies sought are exclusively monetary; the Trustee does not ask for any equitable relief, let alone equitable relief provided for by Bankruptcy law. (RJN, Ex. A, p. 26:26-27:23).

Nor does the Trustee's bald allegation that the adversary proceeding is core create claims that may be adjudicated by a non-Article III court. *Gratifinanciera*, at 56, 61 (holding that a fraudulent transfer action was a common law suit that must be determined by an Article III court, despite the nomenclature assigned to it by Congress). As the Supreme Court has now repeatedly held, the fact that something is labeled a "core" matter in the Bankruptcy Code is not determinative. *Stern v. Marshall*, 131 S. Ct. at 2618.

Thus, the "Trustee's fraudulent conveyance cause of action is non-core; and 2) the bankruptcy court lacks jurisdiction to enter final judgment on this claim." (RJN, Ex. B, p. 9:15-18.) Fraudulent conveyance claims because they do not fall within the public rights exception, cannot be adjudicated by non-Article III judges *In re Bellingham Ins. Agency, Inc.*, 702 F.3d 553, 561. Accordingly the bankruptcy court cannot issue a final judgment on the Trustee's claims for fraudulent conveyance.

  **2.**  **KBTF has a Constitutional Right to a Jury Trial, and Does Not Consent to Having the Instant Action Tried in the Bankruptcy Court**

Where a party has a right to trial by jury, that trial may only be conducted in a bankruptcy court "with the express consent of all the parties." 28 U.S.C. § 157(e); *Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1 178, 1194 (9th Cir. 2003) ("bankruptcy court is unable to preside over a jury trial absent explicit consent from the parties and the district court"). Although KBTF has filed a 12(b)(3) motion for an order compelling arbitration of all claims based on the contractual arbitration

11

1  provision, if denied, KBTF's right to a jury trial is certain, and it will invoke that right if necessary.

2  *See Granjinanciera*, 492 U.S. at 47-49 (when an action is one for money damages, the action is legal

3  and the parties have a right to a jury trial).

4      Cause for withdrawal of the reference within the meaning of Section 157(d) exists where, as

5  here, a party has a right to a jury trial and does not consent to trial or entry of a final order of the

6  bankruptcy court. *See In re Cinematronics, Inc.*, 916 F.2d 1444, 1451 (9th Cir. 1990).  Here,

7  KBTF's right to a jury trial weighs heavily in favor of immediate withdrawal of the reference; the

8  only remedy the Trustee seeks from KBTF, with the exception of return of files, is monetary.  (RJN,

9  Ex. A, pp. 26:26-27:23).  Withdrawal of the reference will avoid duplication of efforts in both the

10  bankruptcy court and this court.

11

12      **3.    Withdrawal of the Reference Would Promote the Efficient Use of Judicial Resources**

13      Not only should the reference of the instant action be withdrawn on the basis of *Stern* and

14  *Granjinanciera*, it also should be withdrawn to preserve judicial resources.  The instant action

15  involves only non-core, state law claims, which cannot be finally determined by the bankruptcy

16  court. The Ninth Circuit has held, "Inasmuch as a bankruptcy court's determinations on non-core

17  matters are subject to de novo review by the district court, unnecessary costs could be avoided by a

18  single proceeding in the district court." *Security Farms*, 124 F.3d at 1008 (internal citations

19  omitted).

20      There has been no activity in the adversary proceeding except for status conferences.

21  Moreover, the bankruptcy court has stayed all proceedings pending decision on the current motion.

22  (RJN, Ex. C.)  As a result, KBTF's motion to compel arbitration has not been acted upon and is not

23  even fully briefed.

24      Thus, judicial economy would be served by withdrawing the reference to the instant action,

25  so that there is no duplication of efforts or risk of interfering with the administration of the

26  bankruptcy estate.

27

28                                  12

1

2
## IV.   CONCLUSION

3        KBTF requests that this court withdraw the reference to bankruptcy court. Pursuant to *Stern*

4 *v. Marshall*, *supra*, this complaint is a state-law, pre-filing dispute that does not arise out of the

5 bankruptcy. The issues raised by this motion are substantially or largely identical to those the Court

6 decided when it withdrew the reference in *Sharp v. Perry*. For the reasons stated, KBTF requests

   that the reference be withdrawn.

7
DATED: May 12, 2014                         HINSHAW & CULBERTSON LLP

8

9

10                                          RONALD E. MALLEN
                                            BRADLEY M. ZAMCZYK
11                                          Attorneys for KASOWITZ, BENSON, TORRES &
                                            FRIEDMAN, LLP and DONALD J. PUTTERMAN

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
                                            13
28 ─────────────────────────────────────────────────────────
   DEFENDANTS' P&A'S IN SUPPORT OF MOTION FOR ORDER WITHDRAWING REFERENCE OF
                    BANKRUPTCY ADVERSARY PROCEEDING

**U.S. Bankruptcy Court [LIVE-CM 5.1]**
**Eastern District of California (Sacramento)**
**Adversary Proceeding #: 14-02025**

*Assigned to:* Hon. Robert S. Bardwil                              *Date Filed:* 01/21/14
*Lead BK Case:* 09-29162
*Lead BK Title:* SK Foods, L.P.
*Lead BK Chapter:* 11
*Demand:* $20000000

*Nature[s] of Suit:* 02 Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy)
     13 Recovery of money/property - 548 fraudulent transfer
     14 Recovery of money/property - other
     72 Injunctive relief - other

*Plaintiff*
----------------------
**Bradley D. Sharp**                              represented by **Richard T. Bowles**
                  2121 N California Blvd. #875
                  Walnut Creek, CA 94596
                  925-935-3300
                  *LEAD ATTORNEY*

                  **Jason J. Granskog**
                  2121 N California Blvd #875
                  Walnut Creek, CA 94596
                  (925) 935-3300

                  **David W. Trotter**
                  2121 N California Blvd #875
                  Walnut Creek, CA 94596
                  925-935-3300
                  *LEAD ATTORNEY*

V.

*Defendant*
----------------------
**Kasowitz, Benson, Torres & Friedman, LLP**                              represented by **Bradley M. Zamczyk**
                  1 California St, 18th Fl
                  San Francisco, CA 94111
                  415-362-6000
                  *LEAD ATTORNEY*

                  **Unknown at time of filing**
                  *TERMINATED: 03/04/2014*
                  *LEAD ATTORNEY*

*Defendant*
----------------------

**Donald J. Putterman**

represented by **Bradley M. Zamczyk**
*(See above for address)*
*LEAD ATTORNEY*

**Unknown at time of filing**
*TERMINATED: 03/04/2014*
*LEAD ATTORNEY*

| Filing Date | # | Docket Text |
|---|---|---|
| 01/21/2014 | 1<br>(49 pgs) | (02 (Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy))), (13 (Recovery of money/property - 548 fraudulent transfer)), (14 (Recovery of money/property - other)), (72 (Injunctive relief - other)) : Complaint by Bradley D. Sharp against Kasowitz, Benson, Torres & Friedman, LLP, Donald J. Putterman. (Fee $293) (awys) Modified on 2/19/2014 (bons). SEE AMENDED COMPALINT FILED 02/18/14. (Entered: 01/21/2014) |
| 01/21/2014 | 2<br>(2 pgs) | Adversary Proceeding Cover Sheet (auto) (Entered: 01/21/2014) |
| 01/21/2014 | 3<br>(4 pgs) | Copy of Summons Issued Re: 1 Complaint; Status Conference to be held on 3/27/2014 at 10:00 AM at Sacramento Courtroom 34, Department D (awys) (Entered: 01/21/2014) |
| 01/21/2014 | 4<br>(1 pg) | Notice of Availability of Bankruptcy Dispute Resolution Program (awys) (Entered: 01/21/2014) |
| 01/21/2014 | 5<br>(1 pg) | Order to Confer on Initial Disclosures and Setting Deadlines (awys) (Entered: 01/21/2014) |
| 01/21/2014 | 1<br>(49 pgs) | Jury Demand Re: 1 Complaint Filed by Plaintiff Bradley D. Sharp (awys) (Entered: 01/21/2014) |
| 01/21/2014 | | ENTERED ON DOCKET IN ERROR - NO IMAGE AVAILABLE Copy of Reissued Summons Re: 1 Complaint; Status Conference to be held on 3/27/2014 at 10:00 AM at Sacramento Courtroom 34, Department D (awys) Modified on 1/21/2014 (awys). (Entered: 01/21/2014) |
| 01/21/2014 | 6<br>(4 pgs) | Copy of Reissued Summons Re: 1 Complaint; Status Conference to be held on 3/27/2014 at 10:00 AM at Sacramento Courtroom 34, Department D (awys) (Entered: 01/21/2014) |
| 01/21/2014 | 7<br>(1 pg) | Notice of Availability of Bankruptcy Dispute Resolution Program (awys) (Entered: 01/21/2014) |
| 01/21/2014 | 8<br>(1 pg) | Order to Confer on Initial Disclosures and Setting Deadlines (awys) (Entered: 01/21/2014) |
| 01/21/2014 | | Adversary Proceeding Fee Paid ($293.00, Receipt Number: 1080 by 43) (auto) (Entered: 01/21/2014) |
| | 9 | Certificate of Service of Reissued Summons and Complaint (jgis) (Entered: |

| 01/29/2014 | (2 pgs) | 01/30/2014) |
|---|---|---|
| 01/29/2014 | 10<br>(2 pgs) | Certificate of Service of Reissued Summons and Complaint (jgis) (Entered: 01/30/2014) |
| 02/18/2014 | 11<br>(61 pgs) | Amended Complaint filed by Plaintiff Bradley D. Sharp (bons) (Entered: 02/19/2014) |
| 02/18/2014 | 11<br>(61 pgs) | Jury Demand Re: 11 Amended Complaint Filed by Plaintiff Bradley D. Sharp (bons) (Entered: 02/19/2014) |
| 02/19/2014 | 12<br>(4 pgs) | Copy of Reissued Summons Re: 11 Amended Complaint; Status Conference to be held on 3/27/2014 at 10:00 AM at Dept. D (bons) (Entered: 02/19/2014) |
| 02/19/2014 | 13<br>(1 pg) | Certificate/Proof of Service of 11 Amended Complaint (bons) (Entered: 02/19/2014) |
| 02/19/2014 | 14<br>(1 pg) | Certificate of Service of Reissued Summons and Complaint (bons) (Entered: 02/19/2014) |
| 03/04/2014 | 15<br>(3 pgs) | Stipulation to Extend Time to Respond Re: 11 Amended Complaint (bons) (Entered: 03/04/2014) |
| 03/04/2014 | | Contacted Bradley Zamczyk from the Law Office of Bradley Zamczyk on 3/4/2014 regarding the failure to submit a proposed Order Re: 15 Stipulation (bons) (Entered: 03/04/2014) |
| 03/06/2014 | 16 | Order Approving 15 Stipulation (bons) (Entered: 03/07/2014) |
| 03/06/2014 | 17 | Order to Continue Status Conference Re: 11 Amended Complaint filed by Plaintiff Bradley D. Sharp (bons); Status Conference to be held on 4/10/2014 at 10:00 AM at Sacramento Courtroom 34, Department D (bons) (Entered: 03/07/2014) |
| 03/07/2014 | 18<br>(3 pgs) | Copy of Document as transmitted to BNC for service. (bons) (Entered: 03/07/2014) |
| 03/07/2014 | 19<br>(4 pgs) | Certificate of Mailing of Document as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 03/09/2014) |
| 03/27/2014 | 20<br>(1 pg) | Civil Minutes -- Status Conference continued Re: 11 Amended Complaint; Status Conference now to be held on 4/10/2014 at 10:00 AM at Sacramento Courtroom 34, Department D (jtisc) (Entered: 03/27/2014) |
| 03/28/2014 | 21<br>(2 pgs) | Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [BMZ-1] Filed by Defendants Kasowitz, Benson, Torres & Friedman, LLP, Donald J. Putterman (bons) (Entered: 03/31/2014) |
| | 21<br>(2 pgs) | Notice of Hearing Re: 21 Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [BMZ-1] to be held on 5/28/2014 at 10:00 AM at Sacramento Courtroom 34, Department D. (bons) (Entered: |

| 03/28/2014 | | 03/31/2014) |
|---|---|---|
| 03/28/2014 | 22<br>(10 pgs) | Memorandum of Points and Authorities in support of 21<br>Motion/Application to Dismiss Adversary Proceeding/Notice of Removal [BMZ-1] (bons) (Entered: 03/31/2014) |
| 04/03/2014 | 23<br>(6 pgs) | Status Conference Statement Filed by Plaintiff Bradley D. Sharp (bons) (Entered: 04/04/2014) |
| 04/10/2014 | 24<br>(1 pg) | Civil Minutes -- Status Conference continued Re: 1 Complaint; Status Conference now to be held on 4/29/2014 at 11:00 AM at Sacramento Courtroom 34, Department D (nwis) (Entered: 04/10/2014) |
| 04/21/2014 | 25<br>(8 pgs) | Status Conference Statement Filed by Plaintiff Bradley D. Sharp (bons) (Entered: 04/21/2014) |
| 04/21/2014 | 26<br>(5 pgs) | Status Conference Statement Filed by Defendants Kasowitz, Benson, Torres & Friedman, LLP, Donald J. Putterman (bons) (Entered: 04/21/2014) |
| 04/22/2014 | 27<br>(18 pgs) | Status Conference Statement Filed by Defendants Kasowitz, Benson, Torres & Friedman, LLP, Donald J. Putterman (bons) (Entered: 04/22/2014) |
| 05/01/2014 | 28<br>(1 pg) | Request to Receive Electronic Notification Filed by Plaintiff Bradley D. Sharp (bons) (Entered: 05/01/2014) |
| 05/01/2014 | | Docket Entry Reserved for Internal Use/Order Processing. (nwis) (Entered: 05/01/2014) |
| 05/05/2014 | | Docket Entry Reserved for Internal Use/Order Processing. (nwis) (Entered: 05/05/2014) |
| 05/05/2014 | 31<br>(1 pg) | Civil Minute Order/Order to Continue Status Conference Re: 11 Amended Complaint ; Status Conference to be held on 6/19/2014 at 10:00 AM at Sacramento Courtroom 34, Department D (bons) (Entered: 05/05/2014) |
| 05/05/2014 | 32<br>(1 pg) | Copy of Document as transmitted to BNC for service. (bons) (Entered: 05/05/2014) |
| 05/05/2014 | 33<br>(2 pgs) | Certificate of Mailing of Document as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 05/07/2014) |
| 05/12/2014 | 34<br>(2 pgs) | Motion/Application for Withdrawal of Reference [BMZ-2] Re: 11 Amended Complaint Filed by Defendants Kasowitz, Benson, Torres & Friedman, LLP, Donald J. Putterman (Fee Paid $176) (bons) (Entered: 05/13/2014) |
| 05/12/2014 | 34<br>(2 pgs) | Notice of Motion Re: 34 Motion/Application for Withdrawal of Reference [BMZ-2] (Fee Paid $176.00) (eFilingID: 5204216) (bons) (Entered: 05/13/2014) |
| | 35<br>(13 pgs) | Memorandum of Points and Authorities in support of 34 Motion/Application for Withdrawal of Reference [BMZ-2] (bons) (Entered: |

| 05/12/2014 | | 05/13/2014) |
|------------|---|-------------|
| 05/13/2014 | 36 (2 pgs) | Notice of Filing of 34 Motion/Application for Withdrawal of Reference [BMZ-2] (bons) (Entered: 05/13/2014) |
| 05/13/2014 | 37 (16 pgs) | Photocopy of Transmittal to the District Court of the 34 Motion/Application for Withdrawal of Reference, 34 Notice, 35 Memorandum of Points and Authorities (bons) (Entered: 05/13/2014) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 05/13/2014 12:52:00 | | | |
| **PACER Login:** | us5194 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 14-02025 Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Headers: included Format: html Page counts for documents: included |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |