RONALD E. MALLEN (SBN 40928)
BRADLEY M. ZAMCZYK (SBN 151753)
HINSHAW & CULBERTSON LLP
One California Street, 18th Floor
San Francisco, CA 94111
Telephone: (415) 362-6000
Facsimile: (415) 834-9070

Attorneys for Defendants
KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP
and DONALD J. PUTTERMAN

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>SK FOODS, L.P., a California limited partnership, et al.,<br><br>Debtors. | US. Dist. Ct. Case No. 2:14-cv-1169-KJM-AC<br><br>Bankruptcy Case No. 09-29162-D-11<br><br>Adversary Proceeding No. 14-02025-D<br><br>Chapter 11<br><br>DC No. BMZ-2 |
| BRADLEY D. SHARP, as Chapter 11 Trustee of SK Foods, L.P., a California limited partnership, and RHM Industrial / Specialty Foods, Inc., a California corporation, et al.,<br><br>Plaintiff,<br><br>vs.<br><br>KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP, a New York registered limited liability partnership; DONALD J. PUTTERMAN, an individual; and DOES 1 through 30,<br><br>Defendants. | **DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION FOR ORDER WITHDRAWING REFERENCE OF BANKRUPTCY ADVERSARY PROCEEDING** |

## I. INTRODUCTION

Defendants Kasowitz, Benson, Torres & Friedman, LLP and Donald J. Putterman (collectively "KBTF") move this court for an order withdrawing the reference to the Bankruptcy Court. Here, as established in the moving papers, the genesis of the Trustee's claims against KBTF is KBTF's provision of legal services to the Debtors, the New Debtor Entities, and Affiliates. Absent the duties imposed on KBTF by state law, the Trustee has no claim against KBTF. As a result, whether core or non-core, the Bankruptcy Court lacks authority to finally adjudicate the majority of the Trustee's claims. Immediate withdrawal of the reference is necessary to avoid inefficiencies, including litigating this matter in two forums; the Bankruptcy Court for pre-trial matters, and District Court for trial. Anything short of immediate withdrawal of the reference is inefficient, and a waste of judicial resources.

Moreover, immediate withdrawal is required as neither party has waived a jury. In a futile attempt to avoid withdrawal of the reference, the Trustee, Bradley D. Sharp ("Trustee"), makes the simplistic argument that KBTF, by filing a proof of claim, waived its right to a jury trial. As discussed below, there is ample authority rejecting the Trustee's waiver argument.

However, even if true, which it is not, the Trustee's demand of "a jury trial on all claims and causes of action" warrants immediate withdrawal of the reference, rendering any possible waiver by KBTF moot. See, RJN, Ex. A, p. 28:1-4. The Trustee suggests he "is prepared to waive his right to a jury trial;" however, to date, he has not done so, and his jury demand precludes trial in Bankruptcy Court.[1] Moreover, KBTF filed a motion to compel arbitration of the Trustee's claims pursuant to an express, mandatory arbitration provision in KBTF's retainer agreement. If KBTF does not succeed in compelling arbitration, it will, like the Trustee, demand a jury trial of all claims.

Apparently recognizing the futility of his jury waiver argument, the Trustee urges this court to reject the withdrawal request, and allow the Bankruptcy Court to make all determinations short of entering a final judgment on claims outside its authority. To support this argument, the Trustee relies on the Bankruptcy Court's purported familiarity with the relevant facts and legal issues.

---

[1] As noted in its opening brief, KBTF does not consent to the Bankruptcy Court empaneling a jury in this matter. Therefore, the Trustee's jury demand precludes the Bankruptcy Court from hearing this matter.

However, the Trustee's primary claims, legal malpractice claims against KBTF, are unique to KBTF; the Bankruptcy Court's knowledge of SK Foods bankruptcy provides little relevance to adjudication of the state law legal malpractice claims.

Contrary to the Trustee's argument, here, the best use of judicial resources is to present all claims, including pre-trial and trial matters, to the District Court; moving forward in two jurisdictions will result in duplicate efforts, easily avoided by withdrawing the reference of this predominately state law matter.

## II. LEGAL ANALYSIS

### A. Withdrawal of the Reference is Mandatory

#### 1. The Jury Demand Warrants Immediate Withdrawal of the Reference

Where a party has a right to trial by jury, that trial may only be conducted in a bankruptcy court "with the express consent of all the parties." 28 U.S.C. § 157(e); *Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1 178, 1194 (9th Cir. 2003) ("bankruptcy court is unable to preside over a jury trial absent explicit consent from the parties and the district court"). Here, it is undisputed that the Trustee demands a jury trial. Similarly, although KBTF filed a motion to compel arbitration based on the express, mandatory arbitration provision in KBTF's retainer agreement, if the motion is denied, KBTF will, like the Trustee, demand a jury trial of all claims.

Cause for withdrawal of the reference within the meaning of Section 157(d) exists where, as here, a party has a right to a jury trial and does not consent to trial or entry of a final order of the bankruptcy court. *See In re Cinematronics, Inc.*, 916 F.2d 1444, 1451 (9th Cir. 1990). It is undisputed that if the court rejects KBTF's motion to compel arbitration, there will be a jury demand. Accordingly, immediate withdrawal of the reference is required.

##### a. KBTF Has Not Waived a Jury

To avoid mandatory withdrawal based on the jury demands, the Trustee argues that KBTF waived its right to a jury. However, as a result of the Trustee's jury demand, the Trustee's waiver argument is moot; the Trustee's jury demand requires immediate withdrawal of this matter.

Moreover, in support of this misguided argument, the Trustee relies on cases easily distinguished from the current matter. The Trustee relies on *Katchen v. Landy*, 382 U.S. 323 (1966)

and *Langenkamp v. Culp*, 498 U.S. 42 (1990). However, the creditors in *Katchen* and *Langenkamp*, unlike KBTF, initiated the action by filing a proof of claim. *See*, *Katchen*, *supra* at 325; *Langenkamp*, *supra* at 42-43. Contrary to the Trustee's argument, neither *Katchen* nor *Langenkamp* hold that a creditor, like KBTF, who filed a Proof of Claim, not seeking to recover amounts owed, but to protect its right to an offset if the Trustee is awarded damages in adversary claim, waived a jury.

*In re Castlerock Properties*, 781 F.2d 159 (9th Cir.1986) rejects the Trustee's argument that KBTF's proof of claim, filed in response to the substantive consolidation order, and order setting a deadline to file claims, is a consent to Bankruptcy Court jurisdiction, i.e. waiver of a jury. Specifically, the court rejected the argument, like the Trustee's, that "by filing its Proof of Claim, Piombo [the creditor] impliedly consented to the jurisdiction of the bankruptcy court." *Id*. at 162. The court, distinguishing a Proof of Claim filed in response to the Debtor/Trustee's claims, from a Proof of Claim initiating litigation, held that because "asserting an affirmative defense does not constitute consent . . . by analogy, Piombo's filing the proof of claim should not be deemed consent." *Id*. at 163.

Here, KBTF filed a responsive Proof of Claim, which does not seek affirmative relief, but is merely meant to provide an offset if the Trustee prevails. As recognized in *Dexter v. Gilbert (Matter of Kirshoff Frozen Foods, Inc.)*, 496 F.2d 84 (9th Cir. 1974), "Here there was no such consent to jurisdiction. The Gilberts did not seek remedy or relief from the bankruptcy court save in the event the trustee first prevailed in the dispute initiated by him." *Id*. at 86.

KBTF filed its Proof of Claim to preserve its rights in response to the order setting a deadline to file claims; KBTF's Proof of Claim does not seek monetary recovery from the estate, but merely an offset, if warranted, to any damages awarded to the Trustee in the present action. KBTF did not instigate the matter, but merely responded, as required by bankruptcy procedure, to preserve its claim in response to the Trustee's action. Accordingly, KBTF has not waived a jury.

          **b.**      **Immediate Withdrawal is Warranted; Permitting the Bankruptcy Court to Hear Pre-trial Matters is Inefficient**

The Trustee does not dispute that where a party demands a jury the reference must be

3

REPLY IN SUPPORT OF MOTION FOR ORDER WITHDRAWING REFERENCE OF BANKRUPTCY ADVERSARY PROCEEDING – Case No. 2:14-CV-1169-KJM-AC

withdrawn.[2]  Opposition, p. 7:6-9.  Although recognizing the mandatory withdrawal in response to a jury demand, the Trustee argues that a jury demand does not require immediate withdrawal of the reference.  *Id.*  Ignoring obvious redundancies and inefficiencies, the Trustee argues the Bankruptcy Court should retain jurisdiction over this action for pre-trial matters.

Although not recognized by the Trustee, allowing the Bankruptcy Court to retain this case for pre-trial matters is not warranted. Here, no proceedings, with the exception of status conferences, have occurred in the adversary action; the matter is now stayed pending resolution of the current motion.  Therefore, no appreciable judicial resources have been expended in the Bankruptcy Court on this new, currently stayed, adversary proceeding.

Leaving this proceeding in the Bankruptcy Court would require the parties to prepare the case for two courts, force two courts to learn the case, and allow for inevitable interruptions as orders are appealed from the Bankruptcy Court to the District Court.   Moreover, duplication of judicial resources will occur if the Bankruptcy Court must first learn the case sufficiently to make it ready for trial, then hand it off to the District Court to learn the case and adjudicate the matter de novo. *See, Security Farms v. International Bd. of Teamsters (In re Security Farms)*, 124 F.3d 999, 1008-1009.

The Trustee's reliance on *Sigma Micro Corp. v. Healthcentral.com (In re Healthcentral.com)* 504 F.3d 775, 787 (9th Cir. 2007) to argue judicial economy and efficiency are served by permitting the Bankruptcy Court to hear pre-trial matters is misguided.[3]  Senior Judge Lawrence K. Karlton recently recognized the futility in permitting the Bankruptcy Court to handle pre-trial motions where a jury demand has been made in an similar adversary action arising out of the SK Foods bankruptcy, *Bradley D. Sharp, Chapter 11 Trustee v. Segal & Kirby, LLP*, United States District Court, Eastern District of California, Case No. CIV. S–13–1363 LKK (Doc. No. 15).  *See*, 2013 WL 5494071. In his order, Judge Karlton rejected the Trustee's arguments, similar to his arguments here, that the Bankruptcy court is best suited to handle the fraudulent conveyance claim through pre-trial

---

[2]  As noted in its moving papers, if the court denies KBTF's motion to compel arbitration, KBTF will demand a jury trial of the Trustee's claims.

[3]  Of note, *In re Healthcenral.com* predates *Stern v. Marshall*, 564 U.S. ___, 131 S.Ct. 2594, 2608 (2011).

4

REPLY IN SUPPORT OF MOTION FOR ORDER WITHDRAWING REFERENCE OF BANKRUPTCY
ADVERSARY PROCEEDING – Case No. 2:14-CV-1169-KJM-AC

proceedings, and the Bankruptcy Court's intimate familiarity with the overall bankruptcy warranted its handling of pre-trial matters. *Id.* at 3-4.

### 2. The Trustee's Claims do not Emanate from the Bankruptcy Itself

The Trustee misconstrues KBTF's argument, alleging that KBTF's assertion that "the complaint is devoid of any issue implicating federal bankruptcy law. Opposition, p. 8:5-6. The point, apparently missed by the Trustee, is that absent the state law duty, the Trustee would have no claim against KBTF. That is, the Trustee's claims are entirely based on state law duties between a lawyer and client. Obviously, the claims arising out of state law duties between a lawyer and client, including breach of fiduciary duty, professional negligence/legal malpractice, to avoid and recover fraudulent transfers, to avoid and recover preferential transfers, to recover tangible property of the debtor, unjust enrichment and restitution/disgorgement, unlawful business practices, and imposition of constructive trust, do not implicate federal bankruptcy law.[4] Moreover, the remaining claim, objection to proof of claims, is merely an attempt by the Trustee to avoid paying fees allegedly owed to KBTF based on the Trustee's allegation of breach of the state law standard of care. As noted earlier, KBTF's Proof of Claim was merely a responsive filing, meant only to preserve a possible offset to any damages awarded to the Trustee.

Ignoring requisite elements of a legal malpractice claim, the Trustee asserts, with no support, that the presence of state law legal malpractice claims does not warrant withdrawal because "the Bankruptcy Court has already found that Defendants violated numerous ethical and professional duties owed to the Debtors." Opposition, p. 9:9-13. However, the Bankruptcy Court's rulings on motions to disqualify KBTF do not compel the Bankruptcy Court's continued handling of this matter. Although not mentioned by the Trustee, state law issues remain for a jury to decide, including causation and damages.

### B. Good Cause Exists for Permissive Withdrawal

In a misguided attempt to preclude permissive withdrawal, the Trustee argues that "the

---

[4] The Trustee's claims seeking to avoid and recover fraudulent transfers, avoid and recover preferential transfers, recover tangible property of the debtor, impose a constructive trust, unjust enrichment and restitution/disgorgement, are typical state law based attempts to recover fees paid to KBTF for its alleged conflicts and breaches.

5

REPLY IN SUPPORT OF MOTION FOR ORDER WITHDRAWING REFERENCE OF BANKRUPTCY
ADVERSARY PROCEEDING – Case No. 2:14-CV-1169-KJM-AC

entirety of the Trustee's compliant is a core proceeding since it is a claim by the estate against Defendants who have filed a proof of claim against the estate." Opposition, p. 10:2-4. However, the Trustee again fails to recognize the distinction between a creditor, like KBTF, who files a responsive Proof of Claim to preserve its offset rights, and a creditor who instigates the action by filing its claim. According to the Trustee, "counterclaims by the estate against persons filing claims against the estate are core proceedings." Opposition, p. 10:4-5. Although this may be a correct recitation of the law, the current facts render it irrelevant to this action. Here, the Trustee initiated the action; it did not file a counterclaim in response to a proof of claim. KBTF filed a responsive Proof of Claim, and did not initiate the litigation.

Moreover, the Trustee concedes, citing *Stern v. Marshall*, 564 U.S. ___, 131 S.Ct. 2594, 2608 (2011), that "Bankruptcy Courts lack constitutional authority to render a final judgment in one particular category of proceedings, namely debtor's state-law counterclaim that is not resolved in the process of ruling on the creditor's proof of claim." Opposition, p. 10:21-26. Here, the state law legal malpractice claims, which are the genesis of the adversary action, including all claims, mandate withdrawal of the reference.

As discussed in the moving papers, Plaintiffs' claims are based on California common law and statutes, including the first cause of action for breach of fiduciary duty, second cause of action for professional negligence/legal malpractice, and ninth cause of action for unfair and unlawful business practices. The gravamen of these state law claims is KBTF's pre-filing representation of the Debtor and New Debtor Entities.

The Trustee concedes that his damages claims against Defendants, "are based on the same nucleus of facts as Trustee's objection to the Defendants proof of claim, and the preferential/fraudulent transfer claims." Opposition, p. 12:20-25. The Trustee also recognizes that resolution of KBTF's claim for unpaid fees requires determination of "whether Defendants complied with their duties to the debtors," and if a breach of duty is found, the court must determine damages "before it can determine whether Defendants are entitled to indemnity for any damages that may be awarded against them, as demanded in their proof of claim." Opposition, pp. 12:25-13:4. However, the Trustee fails to recognize that state law controls the analysis of the requisite elements of breach

and damages.

It is axiomatic that determination of the primary issue in this matter, whether KBTF's services fell below the standard of care, depends entirely on the application of California law. This, therefore, is a private dispute "brought by a bankruptcy corporation to augment the bankruptcy estate" rather than one that seeks "a pro rata share of the bankruptcy res." See *Granfinanciera S.A. v. Nordberg*, 492 U.S. 33, 56 (1989). The claims do not invoke any substantive right provided by title 11 and do not arise only in the context of a bankruptcy case; neither claim implicates any issues of bankruptcy law. Accordingly, the claims are non-core, and the Bankruptcy Court cannot issue a final judgment.

### 1. The Relevant Factors Support Immediate Withdrawal

As a result of the jury demands and state law claims, *Stern v. Marshall*, 564 U.S. ___, 131 S.Ct. 2594, 2608 (2011) mandates that the District Court, regardless of its familiarity with the claims and facts, review all findings de novo. Therefore, an analysis of the relevant factors is not necessary. However, contrary to the Trustee's argument, the factors relevant to the court's exercise of discretion in deciding a motion to withdraw the reference support immediate withdrawal of the reference in the current matter.

#### a. The Trustee's Argument that Withdrawal of the Reference Would Not Promote Efficient Use of Judicial Resources Fails

The Trustee argues that permitting the Bankruptcy Court "to finish its work," would be the most efficient use available resources. Opposition, p. 14:13-14. This argument is based on the faulty premise that "the Bankruptcy Court is authorized to finally decide the Trustee's core claims and the Defendants' proof of claim," and the Bankruptcy Court having "heard and decided some issues related to the Defendants' breaches of duties." Opposition, p. 14:11-13. However, the Trustee ignores relevant facts, including: (1) the lack of authority for the Bankruptcy Court to rule on the state law claims; and, (2) the fact that its complaint demands a jury, and, KBTF has not waived its right to a jury trial. Accordingly, the Bankruptcy court is not authorized to finally decide the claims, and allowing the Bankruptcy Court to "finish its work," would not be the most efficient use of judicial resources.

Moreover, *Heller Ehrman LLP v. Arnold & Porter LLP* (In re *Heller Ehrman LLP*), 464 B.R. 348, 357-359 (N.D. Cal. 2011) is inapposite. Unlike the present action, *Heller Ehrman* only discusses a fraudulent conveyance claim; it does not, like the present action, involve state law legal malpractice claims. Here, even assuming the Trustee's res judicata argument is valid, the District Court, not the Bankruptcy Court, must render a final judgment on the issues of causation and damages.

Moreover, the Trustee argues, citing *Heller Ehrman*, that the Bankruptcy Court is particularly familiar with the facts underlying the legal malpractice claims. However, there is no factual basis for this position. Here, the Bankruptcy Court merely ruled on a motion to disqualify based on a fairly simple analysis of alleged conflicted representation. The Bankruptcy Court has not considered, and has not seen, any facts or argument regarding the more complex issues of causation and damages. Notably, the District Court has specific knowledge regarding KBTF's alleged breaches, as it decided the KBTF disqualification issue on appeal and wrote a detailed opinion.

Unlike *Heller Ehrman*, where similar claims, unrelated to legal malpractice, were made against a number of law firms, the claims against KBTF are unique to its representation of the Debtor. Although the Trustee has made claims against other law firms arising out of the Debtor's bankruptcy, unlike the claims in *Heller Ehrman*, the Trustee's claims against other law firms in the SK Foods bankruptcy are irrelevant to the allegations against KBTF. Moreover, the length of time the SK Foods bankruptcy case has been pending, and the number of avoidance actions, are irrelevant to the necessary analysis of the legal malpractice claims against KBTF. As a result, *Heller Ehrman* is immaterial to the analysis of efficient use of judicial resources.

    **b. Uniformity of Bankruptcy Administration is Irrelevant**

The Trustee's appeal to the uniform administration of bankruptcy laws is not compelling. As discussed above, Supreme Court and Ninth Circuit authority require the District Court to hear the Trustee's claim. Any consequent effect on the administration of the bankruptcy laws is an unavoidable consequence of that mandate. Here, delegating pretrial matters to the Bankruptcy Court will not mitigate whatever harm the Trustee fears will occur by withdrawing the reference immediately. *See, Bradley D. Sharp, Chapter 11 Trustee v. Segal & Kirby, LLP*, United States

8

District Court, Eastern District of California, Case No. CIV. S–13–1363 LKK (Doc. No. 15).

Moreover, the Trustee argues that rejecting withdrawal is warranted "because the Trustee's claims arise under federal bankruptcy law and the Bankruptcy Court has already rendered numerous such decisions in the SK Foods bankruptcy case here." Opposition, p. 15:26-28. However, this argument ignores the fact that the Trustee's legal malpractice claims against KBTF are based on unique facts relevant to KBTF's provision of legal services to the Debtor and related entities. Therefore, any prior rulings are irrelevant, and do not raise uniformity of bankruptcy administration concerns.

### c.     No Evidence of Forum Shopping

KBTF's motion to withdraw the reference seeks removal of the current adversary action based on legal authority precluding the Bankruptcy Court from conducting a jury trial or rendering a final judgment. KBTF's motion is not prompted by forum shopping, but by a desire to avoid incurring unnecessary fees and cost necessitated by litigating in both the District Court and Bankruptcy Court. Here, unlike *Heller Ehrman*, the Trustee presents no evidence of forum shopping. Moreover, having received an unfavorable ruling on the disqualification motion from the District Court mitigates against any allegation of forum shopping.

### III.    CONCLUSION

For the reasons stated above, and in its moving papers, KBTF requests that this court immediately withdraw the reference to the Bankruptcy Court, and retain jurisdiction over the Trustee's claim, including all pre-trial and trial matters.

DATED: July 2, 2014                           HINSHAW & CULBERTSON LLP

                                              BRADLEY M. ZAMCZYK
                                              Attorneys for KASOWITZ, BENSON, TORRES &
                                              FRIEDMAN, LLP and DONALD J. PUTTERMAN

3299587v1   944261

## CERTIFICATE OF SERVICE

*Bradley Sharp v. Kasowitz, Benson, Torres & Friedman, et al.*

Case No. 2:14-cv-1169-KJM-AC

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO:

I am a citizen of the United States and employed in San Francisco, California, at the office of a member of the bar of this Court at whose direction this service was made. I am over the age of 18 and not a party to the within actions; my business address is One California Street, 18th Floor, San Francisco, California 94111.

On July 3, 2014, I served the document(s) entitled, **DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION FOR ORDER WITHDRAWING REFERENCE OF BANKRUPTCY ADVERSARY PROCEEDING**, on the interested parties in this action by placing trust copies thereof enclosed in a sealed envelope(s) addressed as stated below:

## SEE ATTACHED SERVICE LIST

☐ **(BY MAIL):** I deposited such envelope in the mail at San Francisco, California with postage fully prepaid. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be placed for collection and mailing, and deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☐ **(VIA OVERNIGHT MAIL):** I deposit such envelope to be placed for collection and handling via UPS following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for UPS. On the same day that material is placed for collection, it is picked by UPS at San Francisco, California.

☐ **(BY ELECTRONIC MAIL):** By transmitting a true copy thereof to the electronic mail addresses as indicated below.

☒ **(BY CM/ECF SERVICE):** I caused such document(s) to be delivered electronically via CM/ECF as noted herein.

I declare under penalty of perjury under the laws of the United States that the above true and correct and was executed on July 2, 2014, at San Francisco, California.

Executed on July 3, 2014, at San Francisco, California.

_____
Christopher Parsons

## SERVICE LIST

*Bradley Sharp v. Kasowitz, Benson, Torres & Friedman, et al.*

Case No. 2:14-cv-1169-KJM-AC

Richard Thomas Bowles
Jason J. Granskog
David Warren Trotter
Bowles and Verna
2121 N California Boulevard
Suite 875
Walnut Creek, CA 94596
rbowles@bowlesverna.com
jgranskog@bowlesverna.com
dtrotter@bowlesverna.com

Christopher Sullivan
Trepel McGrane Greenfield, LLP
150 California Street
Suite 2200
San Francisco, CA 94111
csullivan@tmcglaw.com

Richard Lapping
Winston & Strawn LLP
101 California Street
39th Floor
San Francisco, CA 94111
rlapping@winston.com